**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Gregory Keith BAZZELL, Respondent.**

No. 96–SC–969–KB.

Supreme Court of Kentucky.

Jan. 30, 1997.

Bruce K. Davis, Executive Director Kentucky Bar Association, Jay R. Garrett, Kentucky Bar Association, Frankfort, for complainant.

Gregory Keith Bazzell, Murray, pro se.

## OPINION AND ORDER

This is a disciplinary action in which the Board of Governors found Respondent, Gregory Keith Bazzell, of Murray, Kentucky, guilty of unethical and unprofessional conduct in violation of SCR 3.130–1.4(a) and (b) and in violation of SCR 3.130–1.16(d). Insufficient evidence was found to support the allegations contained in a third charge. The Board of Governors recommends suspension from the practice of law for a period of ninety days.

The Respondent was employed in April of 1993 to represent a client to complete a marriage dissolution action previously filed in 1991. The client advanced to Respondent his attorney's fee which the parties agreed would compensate Respondent for services through the final hearing. The matter proceeded routinely until February 1994, when a final hearing before the Domestic Relations Commissioner on property division issues was canceled due to illness of opposing counsel.

In March, Respondent abandoned his law practice without notice to his client and his whereabouts became unknown. The client unsuccessfully tried to reach Respondent from mid-March to May 1994. In May, the client received notice that the final hearing had been rescheduled for July. The client increased her efforts to reach Respondent and retrieve her file. Again, those efforts were unsuccessful. As a result, the client hired new counsel at an additional expense prior to the final hearing. Her new counsel prepared the case from copies of pleadings obtained by the client from the trial court's file. It should be noted that Respondent did eventually authorize the release of the client's file, but not until a month after the final hearing had been held before the Domestic Relations Commissioner.

A complaint was lodged against Respondent for violation of SCR 3.130–1.4(a) and (b) charging that Respondent did not keep the client reasonably informed about the status of the matter, did not promptly comply with reasonable requests for information, and did not explain to the client the proceedings to the extent reasonably necessary to permit the client to make an informed decision about the representation. A second count charged Respondent with violation of SCR 3.130–

1.16(d) for failing, upon termination of representation, to take steps to the extent reasonably practicable to protect the client's interest, to give reasonable notice and time for employment of other counsel, to return papers and property of the client, and to refund advance payment of fees not earned.

After a hearing before the Trial Commissioner, the Commissioner's Report was issued and the Bar Association filed a brief to which the Respondent elected not to respond. The Board of Governors found Respondent guilty of both counts, and recommended a penalty of ninety days suspension and that Respondent be reevaluated by the Character and Fitness Committee of the Kentucky Bar Association prior to reinstatement.

Respondent has not requested that this Court take review of the action of the Board of Governors and this Court has not, on its own motion, served notice of its intention to review the recommendation of the Board. Accordingly, the recommendation of the Board of Governors is hereby adopted pursuant to SCR 3.370(9).

IT IS THEREFORE ORDERED THAT:

1) Respondent, Gregory Keith Bazzell, is suspended from the practice of law in the Commonwealth of Kentucky for a period of ninety days, commencing with the date of the entry of this Order.

2) Upon his motion for reinstatement, Respondent shall be reevaluated by the Character and Fitness Committee of the Kentucky Bar Association.

3) Pursuant to SCR 3.390, Respondent shall, within ten (10) days of the date of entry of this Order, notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar legal matters of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly and timely placed in the United States mail, and the Respondent shall simultaneously and in the same manner provide a copy of all such letters to the Director of the Kentucky Bar Association.

4) In accordance with SCR 3.450, Respondent shall be responsible for the payment of the cost of the disciplinary investigation and proceedings in the amount of $592.11.

COOPER, GRAVES, JOHNSTONE, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., would impose a one year suspension.

ENTERED: January 30, 1997.

/s/ Robert F. Stephen
Chief Justice