**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Daniel C. BERKEBILE, Respondent.**

**No. 98–SC–409–KB.**

Supreme Court of Kentucky.

July 23, 1998.

As Modified July 30, 1998.

Bruce K. Davis, Executive Director, Jane Hampton Herrick, Frankfort, for Complainant.

Daniel C. Berkebile, Panama City, FL, for Respondent.

### OPINION AND ORDER

Respondent, Daniel C. Berkebile, formerly a resident of Ashland, Kentucky, but now residing in Panama City, Florida, has been found guilty by the Kentucky Bar Association Board of Governors of three counts of professional misconduct in regard to his handling of a client's civil suit. Upon service of the formal charges, he admitted the truth of the charges, stated that no excuse exists to condone his actions, and that he would accept any sanction imposed. Further, he stated that he has closed his law office in Kentucky and has no plans to resume the practice of law.

The Board of Governors found Berkebile guilty of violations of SCR 3.130–1.3 (lack of diligence); SCR 3.130–1.4(a) (lack of adequate communication); and SCR 3.130–1.16(d) (failure to take steps to adequately protect a client's interests). In essence, Berkebile agreed to pursue the collection of a bad check, filed suit in the appropriate District Court, and obtained a default judgment which was later set aside due to insufficient service of process. Although he took a few other steps to complete the action, soon after the judgment was set aside Berkebile abandoned the case and ceased all communication with his client.

The Board has recommended that a single three-month suspension be imposed for the violations. At the time the vote was taken by the Board, there was pending before this Court an action directing Berkebile to show cause, if any existed, why he should not be suspended from the practice of law for failure to certify compliance with the continuing legal education requirement of SCR 3.661.

On April 16, 1998, this Court suspended Berkebile, and he has not been reinstated.

Having considered the record and findings of the Board of Governors, we agree with the recommendation of the Board. Because Respondent has conceded the impropriety of his conduct and acknowledged his acceptance of the imposition of sanctions, we will run the three-month suspension imposed herein concurrently with the suspension previously directed by this Court.

It is hereby ordered that Respondent, Daniel C. Berkebile, is suspended from the practice of law in this Commonwealth for a period of three months, said suspension to run concurrently with the suspension imposed by this Court's order of April 16, 1998, and that, if he has not previously done so, he shall, forthwith, surrender his license to practice.

It is further ordered that:

1. Respondent shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order pursuant to SCR 3.510, or any controlling amendment to SCR 3.510, restoring his membership in the Kentucky Bar Association.

2. Respondent shall, pursuant to SCR 3.390, within ten (10) working days of the date of entry of this order, provide notice in writing to any clients he is currently representing of his inability to provide further legal services, and to notify all courts of his inability to represent them. Copies of such letters of notice shall be furnished to the Director of the Kentucky Bar Association.

3. In accordance with SCR 3.450 and SCR 3.480(3)(c), Respondent is directed to pay all costs associated with this disciplinary proceeding, said sum being $232.88, and for which execution may issue from this Court upon finality of this opinion and order.

All concur.

Entered: July 23, 1998.

/s/ <u>Robert F. Stephens</u>
Chief Justice