**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Rita Lynn CARTEE, Respondent.**

**No. 2000–SC–0383–KB.**

Supreme Court of Kentucky.

Aug. 24, 2000.

## *OPINION AND ORDER
OF SUSPENSION*

Rita Lynn Cartee, of Olive Hill, Kentucky and Newport, North Carolina, was charged with three counts of professional misconduct and unethical behavior by the inquiry tribunal. Despite service of the charges and notice of the proceedings, Cartee has not contested the proceedings. The matter was treated as a default case pursuant to SCR 3.210(1). Upon consideration of the entire file, she was found guilty of each count and a thirty-day suspension was recommended by the Board of Governors. We agree with the findings of the Board and hereby impose a suspension of thirty days.

Cartee was retained to appeal a judgment in a dissolution of marriage case. She filed a brief and, ultimately, the Court of Appeals ruled against her client on March 12, 1999. Shortly thereafter, the client began trying to contact Cartee about the results of the appeal. His phone calls were not returned. As a result of the affirmation of the judgment, the client owed a substantial amount of back child support. He was charged with flagrant non-support and had to retain counsel to represent him in the criminal proceedings. His new counsel took over representation in the civil case as well, attempting to obtain a reduction of the previously order child support. Despite at least three requests by new counsel, Cartee did not forward a copy of the clients files and did not respond to either phone calls or written correspondence. This factual background formed the basis for the charge of violation of SCR 3.130–1.4(a), which provides that "[a] lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

Additionally, Cartee was found to be in violation of SCR 3.130–1.16(d), which requires that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned." Failure to respond to the requests from her client's successor counsel to return the

client's file after the attorney/client relationship ended is the basis for that charge.

Finally, Cartee was found guilty of a violation of SCR 3.130–8.1(b) which provides that a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . . ." She failed to file a response to the bar complaint filed by her former client or to make any response to the formal charges levied against her by the Inquiry Commission.

Upon the foregoing facts and charges, it is ordered that:

1. Respondent, Rita Lynn Cartee, is hereby suspended from the practice of law for a period of thirty days.

2. In accordance with SCR 3.450(1), Respondent is directed to pay the costs of this action in the amount of $70.76, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: August 24, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE