**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Rita Lynn CARTEE, Respondent.**

No. 2001–SC–0021–KB.

Supreme Court of Kentucky.

March 22, 2001.

*OPINION AND ORDER*

Respondent, Rita Lynn Cartee, was admitted to the practice of law in the Commonwealth of Kentucky on October 3, 1979. Her last known addresses are: P.O. Box 519, Paducah, Kentucky 42002–0519; 670 Orchard Avenue, Olive Hill, Kentucky; and Hostess House, Room 212, 641 Hwy 70 East, Newport, North Carolina 28570. The instant action arose out of a complaint filed with the Kentucky Bar Association by Paul Carr on December 23, 1999. Since Respondent could not be served with the complaint at her Bar Roster address, service of process was accomplished through the Secretary of State pursuant to SCR 3.175. Cartee did not respond.

Based on the complaint, the Inquiry Commission charged Respondent with several violations of the rules of professional conduct, including: SCR 3.130–8.3(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; SCR 3.130–1.16(d), which requires a lawyer to protect a client's interest when terminating representation; and SCR 3.130–1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. Respondent failed to file a response to any of the charges or to contact the Bar Association in any way. Therefore, the Inquiry Commission submitted the matter to the Board of Governors as a default case pursuant to SCR 3.210(1).

The Board of Governors found that Paul Carr hired Respondent to represent him in a bankruptcy action, paying a fee of $500. Carr made repeated personal and telephoned inquiries regarding the progress of his case, and excuses were made by Respondent and her secretary as to why no progress had been made. Soon thereafter, Respondent closed her office, moved from Paducah, and left no forwarding address or phone number. Carr asserts that no legal services were performed for him.

Taking into consideration Respondent's conduct in this matter, and the fact that Respondent has been the subject of two (2) previous suspensions, both of which occurred in the year 2000, the Board of Governors found her guilty of violating SCR 3.130–8.3(c), SCR 3.130–1.16(d), and SCR 3.130–1.3. The Board voted unanimously to recommend Respondent's suspension from the practice of law in the Commonwealth of Kentucky for two (2) years. Respondent failed to request, pursuant to SCR 3.370(8), that this Court review the Board's recommendation. Thus, pursuant to SCR 3.370(10), the recommendation of the Board of Governors is adopted by this Court. Upon the foregoing facts and charges, it is ordered that

the Board of Governors' recommendation for a two-year (2) suspension be adopted. It is further ordered that:

1) Respondent, Rita Lynn Cartee, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of two (2) years. The period of suspension shall commence on the date of entry of this Order.

2) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $27.29, and for which execution may issue from this Court upon finality of this Opinion and Order.

3) Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which she has matters pending, as well as all clients, of her inability to provide further legal services. She shall furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All concur.

ENTERED; March 22, 2001.

/s/ Joseph E. Lambert
Chief Justice