KENTUCKY BAR ASSOCIATION,
Movant,

v.

Rita Lynn CARTEE, Respondent.

No. 2002–SC–0398–KB.

Supreme Court of Kentucky.

Sept. 26, 2002.

Bruce K. Davis, Executive Director, Jay R. Garrett, Bar Counsel, Kentucky Bar Association, Frankfort, for movant.

Rita Lynn Cartee, Olive Hill, for respondent.

## OPINION AND ORDER

The KBA Board of Governors has recommended that Rita Lynn Cartee, of Olive Hill, Kentucky KBA number 10810, be disbarred. She is currently on suspension from the practice of law due to a previous disciplinary action discussed below.

Ms. Cartee, Respondent, was admitted to the bar in 1979 and practiced law in Paducah. A client filed a disciplinary complaint against her in December, 2001. The complaint arose because Respondent was paid $650.00 to file a bankruptcy petition. She never filed the petition and she failed to return the fee. The KBA Office of Bar Counsel was unable to locate Respondent at her Bar Roster address and the complaint was served on Respondent through the Office of the Secretary of State pursuant to KRS 454.210. She did not respond to the complaint. She has been charged with violations of SCR 3.130–8.3(c), SCR 3.130–1.16(d), and SCR 3.130–1.3. The matter was treated as a default case pursuant to SCR 3.210(1) and the Inquiry Commission submitted the case to the Board of Governors.

Upon examination of the case, the Board reviewed past disciplinary actions against Respondent. In *Kentucky Bar Association v. Cartee*, Ky., 39 S.W.3d 28 (2001), a client hired Respondent and paid her a $500.00 fee to represent him in a bankruptcy action. The client repeatedly questioned Respondent about the progress of the case. Without giving acceptable reasons for delay of the case, Respondent closed her office and moved out of town, leaving no new address. She did not refund the $500.00 or respond to the complaints against her. She was suspended for thirty days.

In *Kentucky Bar Association v. Rita Lynn Cartee*, Ky., 53 S.W.3d 69 (2000), Respondent was suspended from the practice of law for two years beginning on March 22, 2001 for violations of SCR 3.130–8.3(c), SCR 3.130–1.16(d), and SCR 3.130–1.3. She was suspended pursuant to this matter at the time the present action was taken against her. A client hired Respondent to appeal from a judgment. Respondent filed a brief but the Court of Appeals ruled against her client. She never informed him of this result despite repeated attempts by the client to contact her. Due to her failure to inform her client, the client owed back child support and a criminal proceeding was filed against him. The client's new counsel requested the client's files from Respondent but she did not produce the files or respond to the requests. The client filed a bar complaint but Respondent failed to file a response or to respond to the Inquiry Commission's charges against her.

Respondent was also suspended in April, 2000 for non-payment of dues and in August, 2000 for violation of SCR 3.130–1.4(a) for failing to keep a client reasonably informed.

The Board of Governors unanimously found Respondent guilty on all three counts and recommends that she be disbarred from the practice of law and pay $64.04 for the costs of the proceedings. Thirteen members of the Board voted for disbarment and six voted to add five years to her current suspension.

In view of Respondent's history of professional misconduct, failure to respond to disciplinary actions, and failure to update her address with the KBA, we cannot conclude that suspending Respondent from the practice of law for additional time would sufficiently impress upon her the unacceptability of her actions. Her previous suspensions have not led to a more

conscientious practice of law. She has been found guilty of three counts of professional misconduct in the present case as well as similar counts of misconduct in past proceedings. There is an unmistakable pattern of neglect by Respondent. Not only has she failed to respond to clients' requests for information or return of unearned fees, she has also failed to respond to the Inquiry Commission in this case and in at least one past disciplinary case.

Upon consideration of the record and the recommendation of the Board of Governors, it is ordered that:

1. Respondent, Rita Lynn Cartee, is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

2. Respondent is directed to pay $64.04 in costs to the Kentucky Bar Association.

LAMBERT, C.J., and COOPER, JOHNSTONE, STUMBO, and WINTERSHEIMER, JJ., concur.

GRAVES and KELLER, JJ., dissent and, pursuant to SCR 3.370(9), would accept review of the Board's recommendation with the intention of imposing a five-year suspension to run consecutive to Respondent's other suspension.

ENTERED: September 26, 2002.

/s/ Joseph E. Lambert
    Chief Justice