KENTUCKY BAR ASSOCIATION,
Movant,

v.

Edward H. ADAIR, KBA Member
No. 81221, Respondent.

No. 2004–SC–1011–KB.

Supreme Court of Kentucky.

Jan. 20, 2005.

As Modified Feb. 8, 2005.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Movant.

Edward H. Adair, Oak Ridge, TN, Counsel for Respondent.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (Board) moves the Court to adopt its Findings of Fact, Conclusions of Law, and Recommendation to suspend Respondent, Edward H. Adair, from the practice of law for 181 days for violations of SCR 3.130–1.16(d), SCR 3.130–1.15(b), and SCR 3.130–1.4(b). Re-

spondent was charged on May 6, 2004, by the Inquiry Commission of the Kentucky Bar Association with three counts of professional misconduct. Although he was personally served, Respondent never responded.[1] Count I alleges a violation of SCR 3.130–1.16(d), for failing to inform his clients that he had been suspended from the practice of law in February 2000, and failing to refund to his client an unearned fee. Count II alleges that Respondent violated SCR 3.130–1.15(b) when he failed to return to his client the unearned fee and the fee did not meet the requirements of a nonrefundable retainer. Count III alleges a violation of SCR 3.130–1.4(b) for failing to explain the matter to the clients to the extent reasonably necessary to permit the clients to make an informed decision regarding his representation. Included in Count III are the allegations that Respondent failed to communicate to his clients that he had been suspended from the practice of law by order of the Kentucky Supreme Court in February 2000; that the civil complaint that he had agreed to file had not been filed; and that he could no longer represent them in the matter because of his suspension.

The underlying facts contained in the record show that Respondent agreed to represent Clients A and B (the "Clients") in a property dispute in Perry County, Kentucky. Respondent met with the Clients approximately four times in August of 1999. Respondent recommended that they hire a licensed surveyor, Clyde Baker, to survey the property in question to help in his preparation for the dispute. Client A had used Mr. Baker in earlier matters. Respondent also met with Mr. Baker concerning the property to help in his preparation.

---

1. On September 30, 2003, Respondent was served with a copy of the complaint. Respondent filed a response on October 9, 2003.

On approximately August 10, 1999, Respondent and his office staff met with the Clients and other property owners concerning the disputed property. The meeting occurred at the home of the Clients. At that time, the Clients paid Respondent $1,020 toward the total fee of $1,250. Respondent provided a receipt and stated the fee was for a property dispute case and the money paid was a "nonrefundable retainer."

After that meeting, the Clients tried to contact Respondent for six weeks to find out some information concerning the status of the case. They were unable to contact Respondent. When the Clients finally were able to speak with Respondent, he stated that he needed to meet with them to discuss the case. That meeting never occurred. The Clients continued to attempt to speak with Respondent but were unable to make contact. In June of 2000, the Clients learned from the Perry Circuit Clerk that Respondent had been suspended from the practice of law. After learning of Respondent's suspension, the Clients traveled to Respondent's law office. Respondent informed the Clients that he had been suspended from the practice of law, and that he would notify them by mail about the status of their case. Respondent, however, did not comply with his promise. He neither contacted the Clients as promised nor took any legal action on their behalf. The Clients requested that Respondent refund their money, but Respondent made no response.

On September 30, 2003, Respondent was served with a copy of the complaint. Respondent filed a response on October 9, 2003, and admitted that there was a "breakdown in communication" with his clients. Respondent admitted to them that he had been suspended from the practice of law in Kentucky for noncompliance with continuing legal education (CLE) requirements. Previously, he had been suspended for noncompliance with the CLE requirements on February 28, 2000 and for nonpayment of bar dues on April 21, 2000. Respondent also informed the Clients that he was incarcerated for four months, but the record is devoid of any explanation for his incarceration. It is clear that Respondent was incarcerated during some of the period of his representation of the Clients.

The Board of Governors of the Kentucky Bar Association, after full discussion and deliberation of the facts of this matter, voted that Respondent was guilty of all three counts of professional misconduct. Finally, the Board voted unanimously to impose upon Respondent a 181 day suspension from the practice of law.

Based upon Respondent's failure to communicate with his clients, his failure to return the unearned fee, his failure to take any action on behalf of his clients or to inform them that he was suspended from the practice of law, and his failure to fully explain the nonrefundability of the retainer fee either orally or in writing as set out in E–380, we adopt the recommendation of the Board of Governors to impose a 181 day suspension from the practice of law.[2]

Upon the Movant's Findings of Fact, Conclusions of Law, and Recommendation, and the Respondent standing in default, it is ordered that:

1. Respondent, Edward H. Adair, is hereby suspended for a period of 181 day for violations of SCR 3.130–1.16(d), SCR 3.130–1.15(b), and SCR 3.130–1.4(b) to be-

---

**2.** *Kentucky Bar Ass'n v. Bazzell,* 936 S.W.2d 769 (Ky.1997) (holding ninety-day suspension was warranted for attorney who abandoned law practice without notifying client before final divorce hearing); *Kentucky Bar Ass'n v. Berkebile,* 971 S.W.2d 292 (Ky.1998); *Kentucky Bar Ass'n v. Cartee,* 53 S.W.3d 69 (Ky. 2000).

gin upon the date of the entry of this Opinion and Order.

2. In accordance with SCR 3.166(4) and 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify in writing all courts in which he may have matters pending and all clients, of his inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters. Respondent shall also make arrangements to return all active files to the clients or to new counsel, and shall return all unearned attorney fees and client property to the client and shall advise the KBA Director of such arrangements within the same ten day period.

3. In accordance with SCR 3.450, Adair is directed to pay all costs associated with these disciplinary proceedings in the amount of $122.35, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: January 20, 2005.

/s/ Joseph E. Lambert

Chief Justice