KENTUCKY BAR ASSOCIATION,
Movant,

v.

James M. CAWOOD, III, Respondent.

No. 2012–SC–000237–KB.

Supreme Court of Kentucky.

June 21, 2012.

## OPINION AND ORDER

The Board of Governors (Board) of the Kentucky Bar Association (KBA) recommends that this Court suspend Respondent James M. Cawood, III from the practice of law in Kentucky for 181 days.[1] Having reviewed the record, we now adopt the decision of the Board.

From April 28, 2010, to July 14, 2010, Huntington National Bank issued to the KBA twenty notices of insufficient funds in Respondent's IOLTA trust fund account. The total amount involved in the transac-

tions was $6,240.88. Twelve transactions, totaling $4,718.51, were covered by overdraft protection. The remaining eight transactions, totaling $1,522.37, were returned as unpaid due to insufficient funds.

The KBA Office of Bar Counsel sent Respondent notices informing him of the insufficiency and requesting an explanation on June 14, 2010; July 16, 2010; October 4, 2010; and December 17, 2010. On April 9, 2011, the Inquiry Commission issued a Complaint, which was served by certified mail and signed for by Respondent on April 15, 2011. On May 10, 2011, Respondent was served by certified mail with a reminder letter informing him of his failure to respond to the Complaint. Respondent signed for the letter.

After receiving no response from Respondent, the Inquiry Commission issued a two-count Charge against Respondent on August 24, 2011. The Charge was unsuccessfully sent by certified mail, and further attempts at service by the office of the Kenton County Sheriff were unsuccessful.

The Office of Bar Counsel attempted to achieve service through the KBA Executive Director, pursuant to SCR 3.175, on October 19, 2011. Respondent changed his bar roster address and service address on October 28, 2011. The KBA sent reminder letters via certified mail to the new addresses. The certified mail was signed for by someone other than Respondent. The KBA sent a subsequent reminder letter on January 6, 2012, which received no response.

Because no response was received, pursuant to SCR 3.210 and SCR 3.370(5)(b), the case came before the Board by default. Respondent was charged with violations of SCR 3.130–1.15(a)[2] and SCR 3.130–8.1(b).[3]

---

1. Respondent's KBA Member Number is 87653. He was admitted to the practice of law in Kentucky on May 3, 1999. His current bar roster address is P.O. Box 122562, Covington, Kentucky 41012–2562.

2. "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated,

The Board, by a vote of 19–0, found Respondent guilty of both charges.

The Board then considered Respondent's prior discipline. Respondent is currently suspended from the practice of law by order of this Court, entered February 24, 2012, for failing to fulfill his continuing legal education requirements for the 2010–2011 educational year. Thirteen members of the Board recommended that Respondent be suspended from the practice of law for 181 days.[4]

Given Respondent's failure to maintain client funds and failure to provide any explanation for his actions, this Court agrees that the Board's recommendation is appropriate. No notice of review has been filed by either party, and this Court declines to order review under SCR 3.370(8). Therefore, pursuant to SCR 3.370(9), this Court hereby adopts the decision and recommendations of the Board.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Respondent James M. Cawood, III is found guilty of violating SCR 3.130–1.15(a) and SCR 3.130–8.1(b);

2. Respondent is suspended from the practice of law in Kentucky for a period of 181 days from the date of this Opinion and Order;

3. Respondent shall notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which that lawyer has matters pending, and he shall notify all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Respondent shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel;

4. Respondent shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of his term of suspension; and

5. Respondent shall pay the costs of this proceeding, certified by the Executive Director in the amount of $935.30, for which execution shall issue upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 21, 2012.

/s/ John D. Minton, Jr.
   Chief Justice

---

or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation."

3. "[A] lawyer ... in connection with a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

4. Six Board members recommended a one-year suspension.