KENTUCKY BAR ASSOCIATION,
Movant

v.

Daniel Keith ROBERTSON,
Respondent.

No. 2013–SC–000221–KB.

Supreme Court of Kentucky.

June 20, 2013.

## OPINION AND ORDER

Daniel Keith Robertson, KBA No. 93479, was admitted to the practice of law in the Commonwealth of Kentucky on April 19, 2010, and his bar roster address is listed as 360 Indian Lake Court, P.O. Box 402, Hawesville, Kentucky, 42348. The Board of Governors (Board) unanimously found Robertson guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a)(3) & (4), SCR 3.130–1.16(d), and SCR 3.130–8.1(b). For these violations the Board recommends Robertson: 1) be suspended from the practice of law for 181 days, 2) refund all fees to the client, 3) attend the Ethics and Professionalism Enhancement Program (EPEP), 4) be referred to Kentucky Lawyers Assistance Program (KYLAP) and 5) pay all associated costs.

### I. BACKGROUND

On May 18, 2012, Jennifer Smith retained Robertson to perform legal work, for which Smith's aunt provided him with a $2,500 check as a retainer. Thereafter, despite numerous attempts to contact Robertson by phone and text message, Smith was unable to get in touch with him. Robertson also failed to appear for an appointment with Smith on July 11, 2012. Therefore, on July 19, 2012, Smith forwarded a

certified letter to Robertson requesting a full refund. Again, Smith received no response. A Bar Complaint was issued against Robertson, and a certified mail return receipt was received bearing what appeared to be his signature, indicating service of the Charge. However, Robertson failed to file an Answer.

## II. CHARGE

The Inquiry Commission (Commission) issued a charge against Robertson alleging four counts: 1) Count I charges Robertson with violating SCR 3.130–1.3,[1] 2) Count II charges Robertson with violating SCR 3.130–1.4(a)(3) and (4),[2] 3) Count III charges Robertson with violating SCR 3.130–1.16(d),[3] and 4) Count IV charges Robertson with violating SCR 3.130–8.1(b).[4]

## III. BOARD'S RECOMMENDATION

The Board voted 18 to 0 to find Robertson guilty of all charges, and taking into consideration his prior disciplinary actions,[5] they recommend that he: 1) be suspended from the practice of law for 181 days, 2) refund all fees to the client, 3) attend EPEP, 4) be referred to KYLAP,[6] and 5) pay all associated costs of this proceeding, totaling $218.05.

## IV. ADOPTION OF BOARD'S RECOMMENDATION

Pursuant to SCR 3.370(9),[7] this Court adopts the unanimous recommendation of the Board given: 1) the severity of Rob-

1. SCR 3.130–1.3 provides in pertinent part that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The Commission charges that Robertson violated this rule by failing to diligently proceed with the representation of Smith.

2. SCR 3.130–1.4(a)(3) provides in pertinent part that "[a] lawyer shall: keep the client reasonably informed about the status of the matter." SCR 3.130–1.4(a)(4) provides that "[a] lawyer shall promptly reply with reasonable requests for information." The Commission charges that Robertson violated both of these rules by failing to keep his client reasonably informed about the status of her matter and failing to promptly comply with his client's reasonable requests for information.

3. SCR 3.130–1.16(d) provides in pertinent part that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred." The Commission charges that Robertson violated this rule by failing to refund the advance payment of the fee he received Smith's behalf.

4. SCR 3.130–8.1(b) states in part, that in connection with a disciplinary matter, a lawyer shall not "[k]knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." The Commission charges that Robertson was in violation of this rule by failing to respond to the Bar Complaint.

5. Robertson's prior discipline by the Board includes: 1) a Private Admonition on July 16, 2012 for failure to deposit a $1,000 unearned fee into escrow rather than into his operating account; and 2) a Private Admonition on September 14, 2012 for violations of SCR 3.130–1.3(diligence), SCR 3.130–1.4(communication), and SCR 3.130–8.1(b)(failure to respond to a Bar Complaint). Furthermore, Robertson is currently suspended from the practice of law for failure to pay bar dues as of January 23,2013.

6. The Board recommended that Robertson be referred to KYLAP, as it stated there is possible, but unconfirmed, alcoholism involved.

7. SCR 3.370(9) provides that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

ertson's violations, 2) his prior disciplinary record, and 3) the fact that he has failed to respond to any prior correspondence. *See Kentucky Bar Association v. Cawood,* 366 S.W.3d 923 (Ky.2012) (adopting the Board of Governors recommendation for 181 day suspension for improper handling of client funds and failure to respond to requests for information regarding pending complaints); *Kentucky Bar Association v. Adair,* 155 S.W.3d 43 (Ky.2005) (holding that a 181–day suspension was appropriate for failure to communicate with clients, failure to return a retainer fee, and failure to respond to a Bar Complaint). Agreeing that the Board's recommended sanction is appropriate, it is ORDERED that:

1. Roberston is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and thus suspended from the practice of law for 181 days; and

2. Robertson will attend, at his expense, the next scheduled EPEP offered by the Office of Bar Counsel (OBC), separate and apart from his fulfillment of any other continuing education requirement, within twelve (12) months after entry of this Court's order approving the motion; and

3. Robertson will not apply for CLE credit of any kind for this program. He will furnish a release and waiver to the OBC to review his records in the CLE department that might otherwise be confidential, such release to continue in effect until one year after he completes EPEP, in order to allow the OBC to verify that he has not reported any such hours to the CLE Commission; and

4. Robertson is ordered to return all unearned fees to Smith; and

5. Robertson is referred to KYLAP and shall make an appointment with

them immediately upon the filing of this Order; and

6. In accordance with SCR 3.450, Robertson is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $218.05, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 20, 2013.

/s/ John D. Minton, Jr.